IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BARRY KELLY and, <br> MOLLY KELLY, | : <br> : <br> : <br> : | CONSOLIDATED UNDER <br> MDL 875 |
| Plaintiffs, | : <br> : | Transferred from the <br> Northern District of |
| v. | : <br> : <br> : | California <br> (Case No. 11-03240) |
| CBS CORPORATION, <br> ET AL., | : <br> : <br> : | E.D. PA CIVIL ACTION NO. <br> 2:11-67269-ER |
| Defendants. | : | |

**O R D E R**

**AND NOW,** this **28th** day of **January, 2014**, it is hereby **ORDERED** that the Motion for Summary Judgment of Defendant Puget Sound Commerce Center, Inc. (Doc. No. 208) is **GRANTED in part; DENIED in part.**[1]

---

[1] This case was transferred in August of 2011 from the United States District Court for the Northern District of California to the United States District Court for the Eastern District of Pennsylvania as part of MDL-875.

Plaintiff Barry Kelly ("Mr. Kelly") alleges that he was exposed to asbestos while serving as a propulsion assistant in the Navy. Defendant Puget Sound Commerce Center, Inc. (f/k/a Todd Shipyards Corporation, and hereinafter "Todd Shipyards") built ships. The alleged exposure pertinent to Defendant Todd Shipyards occurred during Mr. Kelly's work aboard:

- USS Downes (DE-1070)

Plaintiffs brought claims against various defendants. Defendant Todd Shipyards has moved for summary judgment arguing that (1) Defendant is not liable in strict liability, (2) Plaintiffs cannot establish that Defendant was negligent in any way that caused his illness, (3) the Navy was a superseding cause of Plaintiff's illness, and Defendant is immune from liability by way of the government contractor defense, and (4) it is entitled to summary judgment on grounds of the sophisticated user defense.

Defendant appears to contend that California and/or maritime law applies. Plaintiffs appear to contend that maritime law applies.

## I. Legal Standard

### A. Summary Judgment Standard

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

### B. The Applicable Law

#### 1. Government Contractor Defense (Federal Law)

Defendant's motion for summary judgment on the basis of the government contractor defense is governed by federal law. In matters of federal law, the MDL transferee court applies the law of the circuit where it sits, which in this case is the law of the U.S. Court of Appeals for the Third Circuit. Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362-63 (E.D. Pa. 2009)(Robreno, J.).

2

2. State Law Issues (Maritime versus State Law)

Defendant appears to contend that either maritime law or California law applies. Where a case sounds in admiralty, application of a state's law (including a choice of law analysis under its choice of law rules) would be inappropriate. Gibbs ex rel. Gibbs v. Carnival Cruise Lines, 314 F.3d 125, 131-32 (3d Cir. 2002). Therefore, if the Court determines that maritime law is applicable, the analysis ends there and the Court is to apply maritime law. See id.

Whether maritime law is applicable is a threshold dispute that is a question of federal law, see U.S. Const. Art. III, § 2; 28 U.S.C. § 1333(1), and is therefore governed by the law of the circuit in which this MDL court sits. See Various Plaintiffs v. Various Defendants ("Oil Field Cases"), 673 F. Supp. 2d 358, 362 (E.D. Pa. 2009)(Robreno, J.). This court has previously set forth guidance on this issue. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011)(Robreno, J.).

In order for maritime law to apply, a plaintiff's exposure underlying a products liability claim must meet both a locality test and a connection test. Id. at 463-66 (discussing Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co., 513 U.S. 527, 534 (1995)). The locality test requires that the tort occur on navigable waters or, for injuries suffered on land, that the injury be caused by a vessel on navigable waters. Id. In assessing whether work was on "navigable waters" (i.e., was sea-based) it is important to note that work performed aboard a ship that is docked at the shipyard is sea-based work, performed on navigable waters. See Sisson v. Ruby, 497 U.S. 358 (1990). This Court has previously clarified that this includes work aboard a ship that is in "dry dock." See Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011)(Robreno, J.)(applying maritime law to ship in "dry dock" for overhaul). By contrast, work performed in other areas of the shipyard or on a dock, (such as work performed at a machine shop in the shipyard, for example, as was the case with the Willis plaintiff discussed in Conner) is land-based work. The connection test requires that the incident could have "'a potentially disruptive impact on maritime commerce,'" and that "'the general character' of the 'activity giving rise to the incident' shows a 'substantial relationship to traditional maritime activity.'" Grubart, 513 U.S. at 534 (citing Sisson, 497 U.S. at 364, 365, and n.2).

3

Locality Test

If a service member in the Navy performed some work at shipyards (on land) or docks (on land) as opposed to onboard a ship on navigable waters (which includes a ship docked at the shipyard, and includes those in "dry dock"), "the locality test is satisfied as long as some portion of the asbestos exposure occurred on a vessel on navigable waters." Conner, 799 F. Supp. 2d at 466; Deuber, 2011 WL 6415339, at *1 n.1. If, however, the worker never sustained asbestos exposure onboard a vessel on navigable waters, then the locality test is not met and state law applies.

Connection Test

When a worker whose claims meet the locality test was primarily sea-based during the asbestos exposure, those claims will almost always meet the connection test necessary for the application of maritime law. Conner, 799 F. Supp. 2d at 467-69 (citing Grubart, 513 U.S. at 534). This is particularly true in cases in which the exposure has arisen as a result of work aboard Navy vessels, either by Navy personnel or shipyard workers. See id. But if the worker's exposure was primarily land-based, then, even if the claims could meet the locality test, they do not meet the connection test and state law (rather than maritime law) applies. Id.

It is undisputed that the alleged exposures pertinent to Defendant Todd Shipyards occurred aboard a ship. Therefore, these exposures were during sea-based work. See Conner, 799 F. Supp. 2d 455; Deuber, 2011 WL 6415339, at *1 n.1. Accordingly, maritime law is applicable to Plaintiffs' claims against Todd Shipyards. See id. at 462-63.

C. A Navy Ship Is Not a "Product"

This Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack v. General Electric Co., 896 F. Supp. 2d 333, 345 (E.D. Pa. 2012) (Robreno, J.). As such, a shipbuilder defendant cannot face liability on a strict product liability claim. Id.

4

D.  Navy Shipbuilder Negligence Under Maritime Law

This Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id.

E.  Government Contractor Defense

To satisfy the government contractor defense, a defendant must show that (1) the United States approved reasonably precise specifications for the product at issue; (2) the equipment conformed to those specifications; and (3) it warned the United States about the dangers in the use of the equipment that were known to it but not to the United States. Boyle v. United Technologies Corp., 487 U.S. 500, 512 (1988). As to the first and second prongs, in a failure to warn context, it is not enough for defendant to show that a certain product design conflicts with state law requiring warnings. In re Joint E. & S.D.N.Y. Asbestos Litig., 897 F.2d 626, 630 (2d Cir. 1990). Rather, the defendant must show that the government "issued reasonably precise specifications covering warnings-specifications that reflect a considered judgment about the warnings at issue." Hagen v. Benjamin Foster Co., 739 F. Supp. 2d 770, 783 (E.D. Pa. 2010)(Robreno, J.)(citing Holdren v. Buffalo Pumps, Inc., 614 F. Supp. 2d 129, 143 (D. Mass. 2009)). Government approval of warnings must "transcend rubber stamping" to allow a defendant to be shielded from state law liability. 739 F. Supp. 2d at 783. This Court has previously cited to the case of Beaver Valley Power Co. v. Nat'l Engineering & Contracting Co., 883 F.2d 1210, 1216 (3d Cir. 1989), for the proposition that the third prong of the government contractor defense may be established by showing that the government "knew as much or more than the defendant contractor about the hazards" of the product. See, e.g., Willis v. BW IP Int'l, Inc., 811 F. Supp. 2d 1146 (E.D. Pa. Aug. 29, 2011)(Robreno, J.); Dalton v. 3M Co., No. 10-64604, 2011 WL 5881011, at *1 n.1 (E.D. Pa. Aug. 2, 2011)(Robreno, J.). Although this case is persuasive, as it was decided by the Court of Appeals for the Third Circuit, it is not controlling law in this case because it applied Pennsylvania law. Additionally, although it was decided subsequent to Boyle, the Third Circuit neither relied upon, nor cited to, Boyle.

5

### F. Government Contractor Defense at Summary Judgment Stage

This Court has noted that, at the summary judgment stage, a defendant asserting the government contractor defense has the burden of showing the absence of a genuine dispute as to any material fact regarding whether it is entitled to the government contractor defense. Compare Willis, 811 F. Supp. 2d at 1157 (addressing defendant's burden at the summary judgment stage), with Hagen, 739 F. Supp. 2d 770 (addressing defendant's burden when Plaintiff has moved to remand). In Willis, the MDL Court found that defendants had not proven the absence of a genuine dispute as to any material fact as to prong one of the Boyle test since plaintiff had submitted affidavits controverting defendants' affidavits as to whether the Navy issued reasonably precise specifications as to warnings which were to be placed on defendants' products. The MDL Court distinguished Willis from Faddish v. General Electric Co., No. 09-70626, 2010 WL 4146108 at *8-9 (E.D. Pa. Oct. 20, 2010)(Robreno, J.), where the plaintiffs did not produce any evidence of their own to contradict defendants' proofs. Ordinarily, because of the standard applied at the summary judgment stage, defendants are not entitled to summary judgment pursuant to the government contractor defense.

### G. Sophisticated User Defense Under Maritime Law

This Court has previously held that a manufacturer or supplier of a product has no duty to warn an end user who is "sophisticated" regarding the hazards of that product. Mack, 896 F. Supp. 2d at 342. In doing so, the Court held that the sophistication of an intermediary (or employer) - or the warning of that intermediary (or employer) by a manufacturer or supplier - does not preclude potential liability of the manufacturer or supplier. Id. at 343. As set forth in Mack, a "sophisticated user" is an end user who either knew or belonged to a class of users who, by virtue of training, education, or employment could reasonably be expected to know of the hazards of the product at issue. Id. When established, the defense is a bar only to negligent failure to warn claims (and is not a bar to strict product liability claims). Id.

**II. Defendant Todd Shipyards' Motion for Summary Judgment**

Strict Liability

Todd Shipyards argues that, under this Court's ruling in Mack, it cannot be strictly liable for any injury to Mr. Kelly arising from asbestos aboard a ship it built.

No Evidence of Negligence

Todd Shipyards argues that Plaintiffs cannot establish their negligence claim against it because (1) Todd had no duty to warn Mr. Kelly, and (2) without an expert to testify as to what a reasonable shipbuilder would have done, Plaintiffs cannot establish that Todd breached any duty owed to Mr. Kelly.

Government Contractor Defense

Todd Shipyards contends that the government was a superseding cause of Plaintiff's injury, and, along these same lines, asserts the government contractor defense, arguing that it is immune from liability in this case, and therefore entitled to summary judgment, because the Navy exercised discretion and approved reasonably precise specifications for the products at issue, Defendants provided warnings that conformed to the Navy's approved warnings, and the Navy knew about the hazards of asbestos. In asserting this defense, Todd Shipyards relies upon the affidavit of Captain Charles Wasson.

Sophisticated User Defense

Todd Shipyards asserts that Plaintiffs' failure to warn claims are barred by the sophisticated user defense. Todd Shipyards asserts that it had no duty to warn either Plaintiff or the Navy because both were sophisticated as to the hazards of asbestos. With respect to the Navy, Todd Shipyards cites to testimony from Plaintiffs' experts (Richard Cohen and Charles Ay) and Captain Wasson as evidence of the Navy's sophistication. With respect to Plaintiff Mr. Kelly, Todd Shipyards points to evidence that Mr. Kelly was a highly skilled graduate of the Naval Academy and a well-trained Navy serviceman.

7

### B. Plaintiff's Arguments

Strict Liability

  With respect to their strict products liability claim, Plaintiffs contend that Defendant manufactured a product (i.e., that a ship is a "product" within the context of strict products liability law). Plaintiff concedes that the ship at issue was a Navy ship, but asserts that it is distinguishable from the Navy ship(s) at issue in Mack because there is no evidence that the Navy designed the Navy ship at issue in the present case.

No Evidence of Negligence

  Plaintiffs contend that Todd owed Mr. Kelly a duty of reasonable care under the circumstances, which included warning about asbestos hazards aboard the USS Downes. In support of their assertion that Defendant has not established the absence of a genuine dispute of material fact regarding Defendant's alleged negligence, Plaintiffs cite to the following evidence:

- Declaration of Plaintiff
  Plaintiff provides testimony that, while serving aboard the USS Downes, he breathed in dust from asbestos-containing insulation. He states that he never saw or received any asbestos-related warnings aboard the ships.

  (Pl. Ex. A, Doc. No. 230-1.)

Government Contractor Defense

  Plaintiffs argue that summary judgment in favor of Defendant on grounds of the government contractor defense is not warranted because there are genuine issues of material fact regarding its availability to Defendant. To contradict the evidence relied upon by Defendant, Plaintiffs cite to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy not only permitted but expressly required warnings.

8

Sophisticated User Defense

Plaintiffs assert that Todd Shipyards is not entitled to summary judgment on grounds of the sophisticated user defense because (1) Todd Shipyards is really arguing for a "sophisticated intermediary defense" (which is not recognized by maritime law), and (2) Defendant has not established that Mr. Kelly was a sophisticated user of the asbestos products at issue.

**C. Analysis**

Strict Liability

Plaintiffs allege that Mr. Kelly was exposed to asbestos from insulation aboard a ship manufactured by Defendant Todd Shipyards. However, this Court has held that a Navy ship is not a "product" for purposes of application of strict product liability law. Mack, 896 F. Supp. 2d at 345. As such, a shipbuilder defendant such as Todd Shipyards cannot face liability on a strict product liability claim. Id. Accordingly, summary judgment in favor of Defendant Todd Shipyards is warranted with respect to Plaintiffs' claims against it sounding in strict product liability. Anderson, 477 U.S. at 248.

The Court next considers, separately, Defendant's potential liability and/or entitlement to summary judgment with respect to Plaintiffs' claims sounding in negligence.

No Evidence of Negligence

Defendant Todd Shipyards contends that it is entitled to summary judgment on Plaintiffs' negligence claims because (1) Todd had no duty to warn Mr. Kelly, and (2) without an expert to testify as to what a reasonable shipbuilder would have done, Plaintiffs cannot establish that Todd breached any duty owed to Mr. Kelly. However, this Court has held that a Navy ship builder owes a plaintiff a duty of reasonable care under the circumstances. Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.). Whether this duty has been breached is a fact-driven analysis that must be considered on a case-by-case basis. Id. Contrary to Defendant's assertion, there is no requirement that Plaintiffs provide an expert to testify as to what a reasonable shipbuilder would have done. As such, Defendant has failed to establish that it is entitled to summary judgment as to Plaintiffs' negligence claims. Accordingly, summary judgment in favor of Defendant Todd Shipyards is not

warranted with respect to Plaintiffs' claims against it sounding in negligence. Anderson, 477 U.S. at 248.

Government Contractor Defense

Plaintiffs have pointed to evidence that contradicts (or at least appears to be inconsistent with) Todd Shipyard's evidence as to whether the Navy did or did not reflect considered judgment over whether warnings could be included with asbestos-containing products. Specifically, Plaintiffs have pointed to (a) MIL-M-15071D, and (b) SEANAV Instruction 6260.005, each of which Plaintiffs contend indicates that the Navy not only permitted but expressly required warnings. This is sufficient to raise genuine issues of material fact as to whether the first and second prongs of the Boyle test are satisfied with respect to Todd Shipyards. See Willis, 811 F. Supp. 2d 1146. Accordingly, summary judgment on grounds of the government contractor defense is not warranted. See Anderson, 477 U.S. at 248-50.

To the extent that Todd contends that the Navy was a superseding cause of Mr. Kelly's injury that relieves it of any liability for its actions, this Court has rejected that argument. See Filer v. Foster Wheeler, LLC, No. 12-60034 (Order dated January 28, 2014)(Robreno, J.).

Sophisticated User Defense

Defendant Todd Shipyards asserts that it is not liable for Mr. Kelly's injuries because both Mr. Kelly and the Navy (on whose ships he was exposed to asbestos) were sophisticated as to the hazards of asbestos. It is true that this Court has previously held that a manufacturer or supplier of a product has no duty to warn an end user who is "sophisticated" regarding the hazards of that product. Mack, 896 F. Supp. 2d at 342. However, Defendant Todd has presented no evidence that Mr. Kelly knew – or belonged to a class of users who, by virtue of training, education, or employment could reasonably be expected to know – of the hazards of the asbestos-containing product at issue. Defendant's assertion that Mr. Kelly's "sophistication" is imputed by virtue of the fact that he was a highly skilled graduate of the Naval Academy and a well-trained Navy serviceman – without any evidence in support of this assertion – is insufficient under maritime law to establish that Mr. Kelly was a sophisticated user of the asbestos-containing products which gave rise to his injury.

E.D. Pa. No. 2:11-67269-ER          **AND IT IS SO ORDERED.**

_[signature]_
_____
EDUARDO C. ROBRENO, J.

---

Moreover, the Court has previously held that the sophistication of an intermediary (or employer), such as the Navy – or the warning of that intermediary (or employer) by a manufacturer or supplier – does not preclude potential liability of the manufacturer or supplier. Id. at 343. Therefore, despite the fact that Defendant has presented evidence that the Navy was sophisticated as to the hazards of asbestos, summary judgment in favor of Defendant Todd Shipyards is not warranted on grounds of the sophisticated user defense. See Anderson, 477 U.S. at 248-50.

### D. Conclusion

Defendant Todd Shipyards is entitled to summary judgment with respect to Plaintiffs' strict product liability claims because a Navy ship is not a "product" within the meaning of strict product liability law.

With respect to Plaintiffs' remaining negligence-based claims, Defendant Todd Shipyards has not established that it is entitled to summary judgment on any of the other bases it has asserted. First, Defendant has failed to identify the absence of a genuine dispute of material fact with respect to Plaintiffs' negligence claim. Second, Plaintiff has produced evidence to controvert Defendant's proofs regarding the availability to Defendant of the government contractor defense. Finally, Todd Shipyards has not presented evidence to establish that Mr. Kelly was a sophisticated user of the asbestos-containing products at issue as is required to support the sophisticated user defense under maritime law. Accordingly, with respect to Plaintiffs' negligence claims, summary judgment in favor of Defendant Todd Shipyards is not warranted.

11